# Brenner, Appellant, *v.* The Heany Lamp Company.

*Negligence—Master and servant—Poisonous gases—Evidence—Nonsuit—Act of May 2, 1905, P. L. 352.*

In an action to recover damages for injury and death alleged to have been occasioned by the negligence of defendant company in not carrying off poisonous gases and fumes from the room in which the deceased was employed, as required by the Act of May 2, 1905, P. L. 352, a nonsuit was properly entered where at the trial plaintiff called the physicians who attended the deceased, and they testified that while in doubt as to the cause of his illness during his lifetime, a post mortem examination conclusively

showed that his illness and death were not caused by the inhalation of poisonous gases as alleged.

Argued April 21, 1913.    Appeal, No. 126, Jan. T., 1913, by plaintiff, from judgment of C. P. York Co., Aug. T., 1911, No. 2, refusing to take off nonsuit in case of George W. Brenner, now by Mary A. Brenner, Executrix of the last will and testament of George W. Brenner, deceased, v. The Heany Lamp Company, a corporation under the laws of the State of Maine.    Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Ross, A. L. J.

The opinion of the Supreme Court states the facts.

The action was begun by George W. Brenner for injuries alleged to have been sustained by him through the negligence of the defendant company.    Subsequently he died and the action was continued by his widow and executrix, damages being claimed for his death.    At the trial the court entered a compulsory nonsuit which on motion it refused to take off.

*Error assigned* was, inter alia, the action of the court in refusing to take off the nonsuit.

*John A. Hoober,* for appellant.

*M. S. Niles,* with him *C. A. May, Geo. E. Neff* and *Henry C. Niles,* for appellee.

PER CURIAM, June 27, 1913:

The original plaintiff in this action, who died before the trial, had worked in the defendant's factory in a room where there was a number of furnaces and generators of ammonia and hydrogen gas.    He left its service because of sickness and died, seventeen months

later, after a lingering illness. The causes of action relied on were (1) the failure of the defendant to provide exhaust fans or other devices to carry off the poisonous gases and fumes as required by the Act of May 2, 1905, P. L. 352, (2) the failure to instruct an inexperienced employee in relation to the special risk of his employment. At the trial the plaintiff called the physicians who had attended the deceased. During his life they were all in doubt as to the nature of his illness, but one testified that he had concluded from a history of the case that the deceased gave him, that his trouble primarily resulted from his having worked among metals and acid fumes. Two of these physicians performed a post mortem examination and found that the death of the deceased resulted from causes not referable in any manner to his having inhaled fumes or gases, and that these causes fully accounted for all the symptoms manifested before death. This testimony from the plaintiff's witnesses left the case wholly without support.

There was therefore no error in entering a nonsuit and the assignment to the refusal to take it off is dismissed and the judgment is affirmed.